Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination



RECEIVED
6/9/2021 CP
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois 

| | |
|---|---|
| Lisa Maldonado | Case No. **1:21-CV-03095** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✓Yes ☐No |
| -v- | **JUDGE COLEMAN**<br>**MAGISTRATE JUDGE CUMMINGS** |
| Howard Brown Health Center | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   **The Parties to This Complaint**

   A.   **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lisa Maldonado |
| Street Address | PO BOX 2384 |
| City and County | Chicago, Cook |
| State and Zip Code | IL 60690 |
| Telephone Number | 312-439-6703 |
| E-mail Address | lisamaldonado217@gmail.com |

   B.   **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Howard Brown Health Center |
| Job or Title *(if known)* | Client |
| Street Address | 1025 W. Sunnyside Avenue |
| City and County | Chicago, Cook |
| State and Zip Code | IL 60640 |
| Telephone Number | (773) 388-1600 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | - |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Howard Brown Health |
| Street Address | 1025 W. Sunnyside Avenue |
| City and County | City, Cook |
| State and Zip Code | IL, 60640 |
| Telephone Number | (773) 388-1600 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

Constructive Discharge

☑ Relevant state law *(specify, if known)*:

Illinois Human Rights Act

☑ Relevant city or county law *(specify, if known)*:

Human Rights Ordiance

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**III.     Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts *(specify)*: Harassment, Humiliation, Intimidation, and Bullying. During my em

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)
02-09-2021 through 03-01-2021

C.     I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [x] race
- [ ] color
- [ ] gender/sex
- [ ] religion
- [ ] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E.     The facts of my case are as follows. Attach additional pages if needed.

Page 4 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Please see attached (22 page complaint)

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
5/20/2021

    B.    The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 06/01/2021 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Based on research The Howard Brown Health Center has 350 total employees across all of its locations and generates $80.72 million in sales (USD) and according to EEOC Remedies for Employment Discrimination Limits On Compensatory & Punitive Damages for employers with 201-500 employees, the limit is $200,000. Robert Half has 18,900 employees. For employers with more than 500 employees, the limit is $300,000.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/01/2021

Signature of Plaintiff: Lisa Maldonado
Printed Name of Plaintiff: Lisa Maldonado

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

My name is Lisa Maldonado and I am writing this grievance against Howard Brown Health and Paul Rauseo, (VP of Human Resources, Diversity &; Inclusion) ("client") located at 1025 West Sunnyside Ave in Chicago for Racial Employment Discrimination/Harassment, Humiliation, Intimidation, Bullying, Retaliation, Negligent and Constructive Discharge.

On February 9, 2021, Ashlee Moore, Staffing Manager at Robert Half International called and offered me a Hybrid (Onsite/Remote) Contract Recruiter Role to work for Howard Brown Health and asked if I could start working the next day, February 10th (Monday-Friday from 8am to 5pm). I wasn't provided a job interview or a job description; I had no sense of direction in this role. I had to learn and process as I went from day today. I worked for Robert Half International since June 2017 on multiple contract roles and was given a job description and an overview of the role and the primary responsibilities prior to my start date.

I spent my first two days (February 10th and 11th), onboarding (sexual harassment, cultural awareness online training). On February 12th, I started screening/rating applications in Paycom and created a spreadsheet for the details of each application that I screened and rated. In addition, I was trying to get organized and establish best practices for myself to be productive in the role.

Paul has been very difficult to work with since I started working for Howard Brown Health and this has been an ongoing issue with him.

Paul embarrassed me twice in front of the team during a zoom team meeting on February 16th and February 17th. On February 16th, during the zoom team meeting, Paul asked me for a TA (Talent Acquisition) report that I had no knowledge of, I replied, "I'm not sure what you are referring to, I'm confused." Paul yelled and said "I don't want to hear no excuses or stories, can someone help her articulate what I am asking for?" On February 17th, during the online team meeting, Paul asked me about the status of job descriptions, I replied "you are making me nervous!" I felt like Paul was attacking me with questions and was condensing by what he said, his aggressive tone, volume, and his body language toward me and it was very offensive and embarrassing.

On February 17th at 4:33pm (after work), I emailed Ashlee and asked her to call me and I reported what happened in the meeting with Paul. I also mentioned to Ashlee via email at 8:49pm that Paul scheduled an online meeting on my Outlook calendar for February19th at 7:30am in regards my recruiting status update. Based on what happened during the meeting on February 16th and 17th with Paul, I told her that "I didn't feel comfortable meeting with Paul one-on-one." Ashlee replied via email on February18th at 12:07pm "For the meeting on Friday I encourage you to speak to Paul. I would express to Paul how you feel regarding being called out in front of the team, and also absorb any feedback that he has for you as well. Unfortunately, we are unable to cancel any meetings that you would have with a direct supervisor." I responded to Ashlee via email at 5:26pm "I wasn't asking to cancel my meeting with Paul. I'm not comfortable by myself, would like for someone from the team to participate in the zoom meeting

1

with me." Ashlee did not respond. Even though I wasn't comfortable, I proceeded with zoom meeting with Paul. He attempted to walk me through the process of generated a report from Paycom, in which; I took the initiative and generated my TA (Talent Acquisition) status report the night before the meeting (see email February 18th at 4:31pm). I sat respectfully in the meeting with Paul. Shortly after the meeting, some of the team members reached out via skype and asked if I was okay and how did it go?

On February 23rd, I worked from home. I submitted my recruiting status report to Paul before I logged off from work at 5pm. I received a message at 6:49pm from Michael Reynolds, co-worker via text at 6.49pm stated that Paul needed me to be in the office at 7:15am the next morning. I texted my Aaron Lawlor, Associate Director at Howard Brown 7:16pm and explained to him that in order for me to be at the office by 7:15am, I would have to leave my home at 4:30am or 5am, take public transportation which is a 2 hour commute to the office, it's too dangerous for me to be out alone at that time of morning. I had previous conversations with Paul and Aaron about my 2 hour commute; my start time in the office was 9am to 5pm and work from home was 8am to 4pm. I never took more than a 15 minute break to eat (at home or the office). I notified Aaron every time I stepped away from my computer. I emailed Ashlee at 7:25pm and reported it to her. I also mentioned to Ashlee "I am really trying to fulfill this assignment to the best of my ability but Paul's management styles make me uncomfortable and causes me anxiety not knowing what to expect from him day-to-day. I really need to work. Is there another assignment available?" No response from Ashlee.

Paul has created an extreme hostile work environment and has an unprofessional management style. The next morning, February 24th I woke up with a tension headache from stress and anxiety, I had to take an unpaid sick day. I notified Ashlee via email at 6:41am and Aaron via text at 6:47am that I wasn't feeling well with a terrible headache.

On March 1st, Paul emailed me at 11:46am in regards to my recruiting results and threatened my contract and said "my contract will be assessed weekly starting today," I replied, "I will continue to do my best" and that's all I can do. I don't have the authority to hire candidates, my responsibility is to screen/rate the application, forward applicants with a "3" rating to the hiring manager, conduct a phone interview, and provide the hiring manager with the feedback and notes. It's the hiring manager's decision, I don't have that authority.

Please note, that I provided Paul via email with an update on February 26th at 11:21am, I have 11 candidates in the pipeline that are scheduled to move to the steps this week. I also provided Paul via email with my goals to fill 10 positions in the month of March.

2

On March 1st, it became overwhelming and unbearable to work with Paul. Because Paul bullied, humiliated, harassed, intimidated, retaliated and threatened my contract, I emailed Tracy Konrath, Division Director, Ashlee Moore, Staffing Manager at Robert Half International (Office Team), Paul Rauseo, VP of Human Resources and Aaron Lawlor (Associate Director) at Howard Brown Health at 3:39pm and stated "After careful consideration and speaking with my family, I have decided that it is not in my best interest to continue to work in a hostile work environment that is stressful, uncomfortable, and intimidating. With all due respect, Paul is insensitive, offensive and unreasonable. Please note that I have been a contractor with Robert half since 2017 and never had an issue. I am respectfully requesting a new HR role in a positive, respectful, and professional work environment.

Also, please provide me with a prepaid FedEx shipping label so I can return Howard Brown's Dell laptop and charger. Thank you in advance for your prompt attention to this important matter!

I was treated unfairly and endured an ongoing racial discrimination, humiliation, negligent, retaliation, bullying, harassment, and intimidation. I pray no one else experience this kind of mistreatment.

I can be reached at 312-439-6703 and [lisamaldonado217@gmail.com](mailto:lisamaldonado217@gmail.com) at your convenience.

Your prompt attention is to this matter is very important to me.

Respectfully,

Lisa Maldonado

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2021-02748 |
|---|---|---|

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MS. LISA MALDONADO** | Home Phone<br>**(312) 439-6703** | Year of Birth |
|---|---|---|

Street Address: **PO BOX 2384, CHICAGO, IL 60649**
City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**HOWARD BROWN HEALTH** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(773) 388-1600** |
|---|---|---|

Street Address: **1025 W SUNNYSIDE AVE, CHICAGO, IL 60640**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **02-09-2021** Latest: **03-01-2021**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was hired by Respondent on or about February 9, 2021. During my employment, I was subjected to harassment. Subsequently, I was constructively discharged on or about March 1, 2021.**

**I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Lisa Maldonado on 05-20-2021 01:16 PM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lisa Maldonado<br>PO Box 2384<br>Chicago, IL 60690 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-02748 | **Janel Smith,** Investigator | (312) 872-9690 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*       5/25/2021

Enclosures(s)     **Julianne Bowman,** District Director     *(Date Issued)*

cc:   **HOWARD BROWN HEALTH CENTER**

**C/O LaCitia Johnson**
**Human Resources Manager**
**HOWARD BROWN HEALTH CENTER**
**4025 N Sheridan Road**
**Chicago, IL 60613**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***